## JACOBSON v. SLIGAR.
### Civil Action No. 1629–M.

District Court, S. D. Florida,
Miami Division.
Dec. 30, 1946.

Theodore M. Epstein, of Miami Beach, Fla., for plaintiff.

J. C. Sullivan, of Miami, Fla., for defendant.

DE VANE, District Judge.

This is a suit brought by plaintiff to recover treble damages amounting to $2,225 from defendant for rent alleged to have been collected by the defendant for the use and occupancy of certain premises owned by him in excess of the rental established for such premises in the Miami Defense Rental Area.

The evidence in the case shows that in December, 1944, defendant rented his home in Miami for a period of five months at a rental of $200 per month and filed with the Office of Price Administration the proper registration statement. At the expiration of the lease the tenants surrendered possession of the property and defendant went back into possession of same. Defendant testified that he decided in the Fall of 1945 to place his home on the market for sale and listed same with a realtor in Miami named Louis S. Edwards. Around Decem-

ber 1, 1945, this realtor ran an ad in a Miami newspaper of a house for rent and plaintiff answered this ad. The house was offered for rent on a seasonal basis of five months for the sum of $500 per month, or a total of $2,500. Plaintiff testified that this was more rent than he and his brother, who planned to live with him, could pay. The realtor then advised him of defendant's property, which was listed for sale at a price of $12,000; $1,100 in cash, the balance to be paid upon the exercise of the option to purchase. The agent offered plaintiff five months within which to exercise the option to purchase and offered immediate possession of the property upon the payment of the $1,100. Plaintiff accepted this offer and went into possession of the property on December 4, 1945. He never exercised the option to buy. Plaintiff now claims the option was a subterfuge and a violation of Section 9 of the rental regulation effective in the Miami Defense Rental Area.

Section 9 reads as follows:

"Sec. 9. Evasion — (a) General. The maximum rents and other requirements provided in this regulation shall not be evaded, either directly or indirectly, in connection with the renting or leasing or the transfer of a lease of housing accommodations, by way of absolute or conditional sale, sale with purchase money or other form of mortgage, or sale with option to repurchase, or by modification of the practice relating to payment of commissions or other charges or by modification of the services furnished with housing accommodations or by trying agreement, or otherwise."

The evidence in the case definitely establishes that there was more or less deliberate and intentional evasion of this Section of the rental regulation. The question the Court has to decide is who is responsible for its evasion.

Plaintiff testified that he had to find a place to live and that he was experiencing a great deal of difficulty in finding a place in the Miami Defense Rental Area, within his means. He testified he had no intention of exercising the option and purchasing the property when he paid the $1,100 and went

into possession. The rental agent handling the transaction testified that the property had never been listed with him for rent and had only been recently listed for sale; that he had no authority to rent the property and did not rent it to plaintiff. The form of option was furnished by the realtor and both plaintiff and defendant testified that realtor assured them it was legal and a proper form.

Defendant testified that his wife handled the entire transaction with the real estate broker. Defendant is a brick-mason and testified he worked every day and never personally discussed the matter with the realtor. Defendant's wife testified that she listed the property with the realtor for sale only and at the time of listing same advised the realtor defendant would not rent the property.

Plaintiff introduced in evidence a copy of the Registration Statement filed by defendant in January, 1945, registering the property for $200 per month and this Registration Statement shows, on its face, that under date of November 14, 1945, the Office of Price Administration had reduced this rental to $65 per month on an annual basis and left open the question of proper rental on a seasonal basis.

Defendant testified that this reduction in rent by the Office of Price Administration had nothing whatever to do with his decision to sell the property; that he was in the process of constructing a new house on land he owned adjoining his home, which he anticipated having ready to move into within a few months and that as a part of the consideration for the option, he was to have the use of a small house in the back of the premises covered by the option and that he anticipated having his new home ready to move into prior to the date the option would be exercised and the deal closed.

As stated above, the evidence shows a violation of Section 9 of the Rental Regulation for the Miami Defense Rental Area. The Court examined the realtor in an effort to ascertain whether defendant or plaintiff was responsible for the evasion. The preponderance of the evidence clearly shows that plaintiff is responsible for the evasion of Section 9 and if there was any conniv-ance with anyone else to bring about the evasion the connivance was between plaintiff and the realtor. Under such circumstances the Court holds that plaintiff is not entitled to recover anything by this suit.

A Judgment will be entered in accordance with this memorandum opinion.